Mary Elizabeth Conn SBN 224597
MARY E. CONN AND ASSOCIATES
55 River Street, Ste. 100
Santa Cruz, CA 95060
Telephone (831) 471-7103
Attorney for Defendant Tommy McIntosh

**UNITED STATES DISTRICT COURT FOR THE**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | NO. CR08-00377-RMW |
| | ) | |
| Plaintiff, | ) | |
| | ) | **DEFENDANT'S** |
| vs. | ) | **MOTION IN LIMINE #1** |
| | ) | Hearing:    January 8, 2009 |
| THOMAS McINTOSH, JR., | ) | Time:         2:00 p.m. |
| | ) | Court: Hon.    Ronald M.  Whyte |
| Defendant. | ) | |

**DEFENDANT'S MOTION IN LIMINE #1**

Now comes the defendant, Tommy McIntosh, Jr., by his attorney, Mary Elizabeth Conn,

and respectfully moves this Honorable Court for a pretrial order:

(1) excluding evidence of his prior convictions and arrests;

(2) excluding his statements made at the time of his arrest;

(3) excluding evidence of the "octagonal glass mirror;"

(4) excluding the "mugshot profile" made in connection with this case;

(5) excluding any evidence or mention of Mr. McIntosh alleged gang ties;

(6) excluding any evidence of uncharged misconduct on the part of Mr.  McIntosh;

(7) excluding any reference to any prior knowledge or relationship that any officer or agent had

with Mr.  McIntosh prior to the arrest made the basis of this matter;

(8) excluding any evidence or mention of the "white plastic pen body bearing a State Farm

*Z:\McIntosh\Motion in Limine*

Insurance log;"

(9) excluding any evidence or mention of "Santa Cruz Superior Court documents;"

(10) excluding any evidence or mention of any and all articles of clothing which tend to demonstrate either Mr. McIntosh's particular interest in the color red, or some affiliation with a criminal street gang, or any other kind of gang, which wears red colors, including but not limited to a "Cincinnati Reds baseball cap and a red T-shirt inside a black T-shirt;" "a Pete Rose Cincinnati Reds baseball jersey," a "red Hollister, California T-Shirt;" "red and white Mac Tools cap;" "red, white and black Nike shoes, size 91/2," "red San Francisco ewers gloves," "red ski cap," "red head wrap;"

(11) excluding any evidence or mention of "3 photographs of Jennings J-22 .22 caliber semiautomatic pistol seized from a gray Nissan sedan by Watsonville Police Department on April 3, 2000" as well as "2 photographs of magazine and one .22 caliber bullet inside the .22 caliber pistol [depicted in Exhibits 27a-27c;"

(12) excluding any evidence or mention of photographs of Mr. McIntosh that reveal any or all of his numerous tattoos;

(13) excluding any evidence or mention of any police reports, whether related to this instant case or some other;

(14) excluding any evidence or mention of Mr. McIntosh's tattoos;

(15) excluding any evidence or mention of any "prison mail and writings contained in shoe box located storage area (#019) including: mail from ROBERT BARFIELD, Iowa State Penitentiary, list of names with monikers and California Department of Corrections numbers, handwritten history of the Nuestra Familia including Norte no virtues, characteristics and duties, handwritten essay on leadership;"

(16) excluding any evidence or mention of "documents contained in K-Swiss shoe box, including lists of phone numbers, mail from OSCAR CURRY, San Quentin State Prison, ROBERT BARFIELD, MARY ANNE AMARO, JAVIER M., REBECCA HERNANDEZ, IRENE SOSA,

*Z:\McIntosh\Motion in Limine*

DIANE AQUILA, DAVID REYES, Watsonville Police Department arrest report from 4/22/2006, arrest report for MCINTOSH dated 07/14/2005, photocopy of newspaper article from 12/14/1994 stating that ROBERT BARFIELD was sentenced to 110 years for a shootout wit Nevada Highway Patrol, essay on leadership;"

(17) excluding any evidence or mention of "Items seized on 09/07/2007 at 23 Heiner Street, Watsonville, California (SCCNET case number SC07-0024 ... five (5) .32 rounds taken from 1B44, towel that was wrapped around 1B44, .32 revolver, New England Firearms Model R73, S/N: NK006829;"

(18) excluding any evidence or mention of SCCNET property receipts, CD containing photographs of the items described in (17) herein above, the pistol and firearm located during the 02/01/2008 search, or the 02/01/2008 search itself;

(19) excluding any evidence or mention of any reported or suspected drug abuse or crimes involving drugs as committed or alleged to have been committed by Mr. McIntosh;

(20) excluding any evidence or mention of Defendant's participation in alcohol or drug treatment programs;

(21) excluding any evidence or mention of the pit bull dog found in the backyard of the premises at which the arrest was made;

(22) that Mr. McIntosh paid only some minimal amount of rent, perhaps $100 or was otherwise irresponsible;

(23) excluding any evidence or mention of any knowledge or reputation or character of Mr. McIntosh for being a criminal generally, or specifically, whether such evidence is attempted to be adduced by professional witnesses such as police officers and federal agents, or lay witnesses;

(24) excluding any evidence or mention of the purpose for which the search warrant was executed on the day in question.

This motion is based on Federal Rules of Evidence 401, 403, 404(b) and 609, Federal Rule of Criminal Procedure 7(d) and the authorities cited herein. Mr. McIntosh reserves the right

*Z:\McIntosh\Motion in Limine*

to make additional objections at trial to the introduction and exclusion of evidence.

## BACKGROUND

Mr. McIntosh has been charged with one count of knowing possession of a firearm by a person with a prior conviction, in violation of 18 U.S.C. § 922(g)(1). The charge apparently is based upon allegations that on February 1, 2008, Mr. McIntosh was asleep on the sofa at his residence, when officers and agents executed a search warrant authorizing their search for drugs and indicia of drug sales and upon searching the premises thoroughly, discovered a pistol under one of the sofa cushions.

## LANGUAGE

For the reasons discussed below, Mr. McIntosh respectfully asks the Court to strike from the indictment any alleged aliases and the words "felon" and "felony."  He also asks the Court to exclude from trial the evidence of his prior convictions and arrests, as well as excluding any evidence or mention of the items mentioned herein above.

## INSTRUCTING WITNESSES

Further, the Defendant specifically requests that the Court order the AUSA to instruct his witnesses, both professional and lay, as to the Court's order.

## DISCUSSION

**A. THE LANGUAGE IN THE INDICTMENT SHOULD BE AMENDED TO AVOID UNFAIR PREJUDICE**

1. The Indictment Should Refer To "Crime Punishable By Imprisonment For A Term Exceeding One Year," Rather Than "Felony," To Reflect The Statute.

Federal Rule of Criminal Procedure 7(d) permits the court to strike surplusage from the indictment upon a motion by the defendant. Fed. R. Crim. P. 7(d). The rule protects a defendant against prejudicial or inflammatory allegations that are not relevant or material to the offense charged. *United States v. Terrigno*, 838 F.2d 371, 373 (9th Cir. 1988). "The inclusion of

*Z:\McIntosh\Motion in Limine*

surplusage must not be allowed to prejudice a defendant in the context of his case." *United States v. Jenkins*, 785 F.2d 1387, 1392 (9th Cir.), cert. denied, 479 U.S. 855 (1986).

The style of the indictment in this case uses the term "Felon" while the body of the indictment properly charges that Mr. McIntosh, "having previously been convicted of a crime punishable by imprisonment for a term exceeding one year," knowingly possessed a firearm, in violation of 18 U.S.C. § 922(g)(1). But the statute proscribes, in relevant part, possession of firearm by "any person who has been convicted in any court <u>of a crime punishable by imprisonment for a term exceeding one year</u>." 18 U.S.C. § 922(g)(1) (emphasis added). Section 921(a) of the same chapter defines terms used in the chapter. "Crime punishable by imprisonment for a term exceeding one year" is not defined as "felony." Id. § 921(a)(20); see *Old Chief v. United States*, 117 S. Ct. 644, 647 (1997) (noting definition of "crime punishable by imprisonment for a term exceeding one year" for purposes of 18 U.S.C. § 922(g)(1)).

The fact that Mr. McIntosh's suffered a prior felony conviction is irrelevant and immaterial to the offense charged, particularly in light of his stipulation that a prior conviction prohibited him from possessing a firearm under 18 U.S.C. § 922(g)(1). The term "crime punishable by imprisonment for a term exceeding one year" is more true to the statutory language than is "felony." Cf. *United States v. Musacchio*, 968 F.2d 782, 787 (9th Cir. 1991) (indictment that sets forth charged offense in statutory language is proper). It also is significantly less prejudicial.

For these reasons, Mr. McIntosh respectfully asks the Court to strike the word "felon" from the caption of the indictment. and replace it with " person previously convicted of a crime punishable by imprisonment for a term exceeding one year."

**B. EVIDENCE OF MR. MCINTOSH'S PRIOR CONVICTIONS AND ARRESTS, HIS PROBATION STATUS, AND EVIDENCE THAT OTHERWISE PREJUDICIAL BUT NOT PARTICULARLY PROBATIVE MATERIALS WERE FOUND AT THE SCENE AT WHICH MR.  MCINTOSH WAS ARRESTED ALL SHOULD BE EXCLUDED**

1. Evidence of Mr. McIntosh's prior convictions should be excluded.

     a. Evidence about the name, nature and number of the prior convictions is not admissible to establish the prior-conviction element of 18 U.S.C. § 922(g)(1).

     The United States Supreme Court has held that a district court may not admit evidence of the name and nature of a defendant's prior conviction to prove the element of prior conviction in a § 922(g)(1) case if the defendant concedes the fact of the prior conviction. *Old Chief v. United States*, 117 S. Ct. 644, 647 (1997); see also *United States v. Hernandez*, No. 95-50181, 97 C.D.O.S. 2369, 2370 (9th Cir. March 31, 1997) (reversing § 922(g)(1) conviction where district court admitted judgment and commitment and testimony of parole officer identifying prior conviction as burglary despite defendant's offer to stipulate).

     Mr. McIntosh will stipulate that he has been convicted of a crime punishable by imprisonment for a term exceeding one year that prohibited him from possessing a firearm or firearm. The stipulation establishes the element of prior conviction but does not identify the name or nature of the prior conviction. Under *Old Chief*, the government may not introduce evidence about the name, nature or number of Mr. McIntosh's prior convictions to prove the prior-conviction element of the offense.

     b. Evidence about the name, nature and number of the prior convictions is not admissible for impeachment if Mr. McIntosh testifies at trial.

     Federal Rule of Evidence 609 provides, in relevant part, that

> evidence that an accused has been convicted of [a crime punishable by death or imprisonment in excess of one year under the law under which the witness was convicted] shall be admitted if the court determines that the probative value of admitting this evidence outweighs its prejudicial effect to the accused . . . .

     Fed. R. Evid. 609(a)(1). The government bears the burden of showing that the probative value of the conviction -- for impeachment purposes -- substantially outweighs its prejudicial effect. (3) *United States v. Alexander*, 48 F.3d 1477, 1488 (9th Cir.), cert. denied, 116 S. Ct. 210 (1995); *United States v. Browne*, 829 F.2d 760, 763 (9th Cir. 1987), cert. denied, 485 U.S. 991

*Z:\McIntosh\Motion in Limine*

(1988).

        (i) The Ninth Circuit's five factors weigh in favor of exclusion

        The Ninth Circuit has identified five factors that are relevant to the balancing process mandated by Rule 609(a)(1). These factors are: (1) the impeachment value of the prior crime; (2) the point in time of the conviction; (3) the similarity between the past crime and the charged offense; (4) the importance of the defendant's testimony; and (5) the centrality of the defendant's credibility. Id.; *United States v. Perkins*, 937 F.2d 1397, 1406 (9th Cir. 1991). Balancing these factors, the court must exclude the evidence unless the government shows that the probative value of the conviction substantially outweighs its prejudicial effect. *Alexander*, 48 F.3d at 1488.

        While factors (2) and (3) may favor admissibility, (4) the other three factors strongly support exclusion of the prior-conviction evidence.

        With respect to the first factor, the impeachment value of the prior crime, the government will be able to impeach Mr. McIntosh with the fact that he has been convicted of a crime punishable by a imprisonment for a term exceeding one year. He cannot keep all evidence of his prior convictions from the jury because a prior conviction is an element of the charged offense. Under these circumstances, the name, nature and number of the prior convictions add little, if any, impeachment value to the fact of the convictions. (5) But see *Perkins*, 937 F.2d at 1406 (prior drug offenses are probative of veracity).

        On the facts of this case, factors (4) and (5) also favor exclusion of the prior-conviction evidence. If Mr. McIntosh takes the stand, he will not deny that he was asleep on the sofa, under a cushion of which was found a pistol. Cf. *Alexander*, 48 F.3d at 1489 (defendant's credibility directly at issue where he testified that he did not commit offense); *Perkins*, 937 F.2d at 1406 (same). Moreover, the jury will know by his stipulation that Mr. McIntosh has been convicted of a crime punishable by imprisonment for a term exceeding one year. If Mr. McIntosh takes the stand, he does not intend to testify as to his prior criminal record at all, except to acknowledge that a prior conviction made him unable to possess firearms or firearm. Cf. id. at 1489 (factor (5)

*Z:\McIntosh\Motion in Limine*

favors admissibility where defendant's testimony could reasonably mislead jury to believe that he had had no serious trouble with police).

Balancing these five factors leads to the conclusion that the incremental impeachment value of the name and nature of the prior convictions does not substantially outweigh their prejudicial effect.

(ii) In addition to Ninth Circuit law, *Old Chief* favors exclusion

While the holding of *Old Chief* addressed only exclusion of prior convictions for purposes of establishing the prior-conviction element of § 922(g)(1), its language and logic also support exclusion of prior convictions evidence for impeachment purposes.

Testifying defendants in general "face[] a unique risk of prejudice -- i.e., the danger that convictions that would be excluded under Fed. R. Evid. 404 will be misused by a jury as propensity evidence despite their introduction solely for impeachment purposes." Advisory Committee Notes, 1990 Amendment to Fed. R. Evid. 609. In *Old Chief*, the Court recognized that in § 922(g)(1) cases specifically "there can be no question that evidence of the name or nature of the prior offense generally carries a risk of unfair prejudice to the defendant." *Old Chief*, 117 S. Ct. at 652.

In the face of such potential for prejudice, a court may "reasonably apply some discount to the probative value of an item of evidence when faced with less risky alternative proof going to the same point." Id. at 651. Thus, the Court in *Old Chief* held that a court may not refuse less-prejudicial evidence informing the jury about only the existence of a prior conviction to prove the prior-conviction element of § 922(g)(1). Id. at 647. Here, as well, allowing impeachment with only the existence of a prior conviction is a much less prejudicial but equally probative alternative.

For these reasons, the incremental probative value that comes from informing the jury of the name and nature of Mr. McIntosh's prior convictions does not substantially outweigh their overwhelming prejudicial effect. Therefore, the government should not be permitted to

cross-examine Mr. McIntosh about the name, nature or number of the prior convictions if he chooses to testify.

        c. Evidence about the name and nature of the prior convictions is not admissible as prior-bad-act evidence under Federal Rule of Evidence 404(b)

        Federal Rule of Evidence 404(b) provides, in relevant part, that evidence of other crimes may not be used "to prove the character of a person in order to show action in conformity therewith." Fed. R. Evid. 404(b). It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan or knowledge. Id. The Ninth Circuit repeatedly has stated that it does not look with favor upon admission of extrinsic evidence. *United States v. Vizcarra-Martinez*, 66 F.3d 1006, 1013 (9th Cir. 1995). There is no presumption that evidence of extrinsic acts is either relevant or admissible. *United States v. McKoy*, 771 F.2d 1207, 1214 (9th Cir. 1985); *United States v. Rocha*, 553 F.2d 615, 616 (9th Cir. 1977).

        The Ninth Circuit has established a four-part test for determining whether evidence of prior bad acts is admissible: (1) the evidence must prove a material element of the charged offense; (2) in certain cases, the prior bad act must be similar to the charged offense; (3) the proof of the prior bad act must be based on sufficient evidence; and (4) the conduct must not be too remote in time. *United States v. Arambula-Ruiz*, 987 F.2d 599, 602 (9th Cir. 1993). The government bears the burden of proving that the prior-act evidence meets all four requirements and of showing how the evidence is relevant to one or more issues in the case. Id. If the evidence does not pass all parts of the test, it must be excluded. See id. at 604-05 (excluding evidence of prior arrests because they do not tend to prove material element of charged offense).

        The evidence of prior convictions in this case does not pass the Ninth Circuit's test. First of all, most of Mr. McIntosh's prior convictions are not at all similar to the charged offense of possession of a firearm, although there is one federal case in which Mr. McIntosh entered a plea of guilty and served some 51 months in the Bureau of Prisons. Evidence of prior convictions offered to show knowledge or intent must be similar to the offense charged. *Vizcarra-Martinez*,

*Z:\McIntosh\Motion in Limine*

66 F.3d at 1013; cf.*Arambula-Ruiz*, 987 F.2d at 603 (prior-act evidence offered to show knowledge is admissible as long as the prior act tends to make the defendant's knowledge more probable). Because most of the prior convictions here are not similar, they are not admissible under Rule 404(b).

Second, the prior convictions are too remote in time for the purpose for which they conceivably could be offered. See *United States v. Kindred*, 931 F.2d 609, 613 (9th Cir. 1991) (proximity in time of prior conviction depends on purpose for which evidence is admitted). The convictions here begin in 1986 and end in 2008.  There are so many convictions that any reliance upon same not only serve merely to prejudice the trier of fact but also are violative of *Crawford*.

In fact, although the search warrant was for drugs and evidence of drug dealing, no such evidence was found.  No drugs were found; no paraphernalia was found, except with the possible inclusion of a part of a ballpoint pen.  His conviction for possessing drugs, DUI, battery, resisting arrest, robbery, assault and theft, trespass, domestic violence, burglary, years ago cannot support an inference that he knew about the firearm at the time of the offense.

For these reasons, Mr. McIntosh submits that the government has not shown and cannot show that the prior-conviction evidence passes the Ninth Circuit's test for admissibility. (6) Further, the evidence is highly prejudicial and may be excluded under Federal Rule of Evidence 403. *Old Chief*, 117 S. Ct. at 651 (404(b) prior-conviction evidence must be analyzed under 403); *Arambula-Ruiz*, 987 F.2d at 602 (same).

Federal Rule of Evidence 403 provides for the exclusion of relevant evidence when the danger of unfair prejudice substantially outweighs the probative value of the evidence. "The term 'unfair prejudice,' as to a criminal defendant, speaks to the capacity of some concededly relevant evidence to lure the factfinder into declaring guilt on a ground different from proof specific to the offense charged." Id. at 650. The government bears the burden of showing both that the proffered evidence is relevant to an issue in the case and that its probative value is not substantially outweighed by the danger of unfair prejudice to the defendant. *United States v. Conners*, 825

F.2d 1384, 1390 (9th Cir. 1987).

Here, Mr. McIntosh's prior convictions have no legitimate probative value for the instant charge of possession of firearm. Because the prior convictions span so many years, they cannot support an inference that Mr. McIntosh knowingly possessed the firearm in 2008. The "logical nexus" that some courts have assumed between guns and drug trafficking (7) breaks down where, as here, the drugs sought were not "inextricably intertwined" with the weapons or found in "close proximity" to them.  In fact, they were not found at all!  Cf. *Butcher*, 926 F.2d at 815-16 (in gun-possession case, admitting 404(b) evidence of large quantity of drugs found in briefcase in car where gun was found); cf. *United States v. Blackstone*, 56 F.3d 1143, 1145 (9th Cir. 1995) (evidence that defendant possessed marijuana for personal use at time of offense is not relevant to knowing possession of weapon). Mr. McIntosh's convictions are not connected with the charged offense so as to support an inference of knowing possession of firearm.

In addition, the admission of the prior convictions creates a great risk of prejudice. Revealing the name and nature of these offenses in Mr. McIntosh's trial for possessing firearm would inevitably "lure a juror into a sequence of bad character reasoning." *Old Chief,* 117 S. Ct. at 652. Specifically, a juror hearing about these prior convictions likely would infer that Mr. McIntosh is a drug-trafficking, assaultive, thieving, burglarizing criminal in general and therefore is more likely to have possessed the firearm for which he is on trial.

This type of propensity reasoning is prohibited by Federal Rule of Evidence 404(b). Admission of evidence that would encourage this impermissible reasoning "is particularly prejudicial where, as here, the proffered evidence connects a party with a highly charged public issue, such as narcotics." *Blackstone*, 56 F.3d at 1146 (internal quotation marks and ellipses omitted).

For these reasons, evidence of the name, nature and number of Mr. McIntosh's prior convictions, even if admissible for a purpose other than showing his criminal character, must be excluded because of their negligible probative value and their great potential for undue prejudice.

*Z:\McIntosh\Motion in Limine*

2. Evidence of Mr. McIntosh's prior arrests should be excluded under Rule 404(b)

The government has indicated that it intends to introduce evidence of Mr. McIntosh's prior arrests under Rule 404(b). (8) The same four-part test and Rule 403 analysis discussed above applies to evidence of prior arrests. See *Arambula-Ruiz*, 987 F.2d at 604-05 (excluding evidence of prior arrests for gun-possession and alien charges because evidence does not tend to prove material element of charged drug offense). Under the Ninth Circuit's standard, the prior-arrest evidence should not be admitted.

Neither drug offenses nor vehicle violations nor obstructing police charges are at all like the charge of possession of firearm in this case. Evidence of prior arrests for these offenses therefore should be excluded.

Although Mr. McIntosh's arrest for felon in possession of a firearm bears some similarity to the charged offense of felon in possession of firearm, it must be excluded because: (1) the fact of an arrest is not sufficient to establish the underlying conduct; (2) the arrest is too remote in time; and (3) the evidence is exceedingly prejudicial. These issues will be discussed in turn.

First, prior-bad-act evidence may be admitted only if the government provides "sufficient evidence to support a finding by the jury that the defendant committed the similar act." *Huddleston v. United States*, 485 U.S. 681, 685 (1988); *Arambula-Ruiz*, 987 F.2d at 602-03. While a conviction constitutes sufficient evidence of the underlying conduct for 404(b) purposes, (9) the Ninth Circuit has never held that an arrest, standing alone, is sufficient. See *United States v. Basinger*, 60 F.3d 1400, 1408 (9th Cir. 1995) (testimony from officer who searched and arrested defendant is sufficient to establish prior bad act); *United States v. Hinton*, 31 F.3d 817, 823 (9th Cir. 1994) (testimony of victim is sufficient), cert. denied, 115 S. Ct. 773 (1995); United States v. Houser*, 929 F.2d 1369, 1373 (9th Cir. 1990) (testimony from someone directly involved is adequate); see also *United States v. Lopez-Martinez*, 725 F.2d 471, 472 (9th Cir.) (government presented testimony of DEA agent about prior arrest), cert. denied, 469 U.S. 837 (1984); *United States v. Rocha*, 553 F.2d 615, 615 (9th Cir. 1977) (evidence admitted of

*Z:\McIntosh\Motion in Limine*

defendant's prior arrest and trial, which ended in acquittal).

In this case, Mr. McIntosh apparently was arrested in 2000 for felon in possession of a firearm.  He plead guilty and was sentenced.  The government has not indicated that it has or intends to introduce any evidence of that case.

Second, this arrest took place in 2000. As discussed above, a prior bad act must be recent enough to have some relevancy to the element. An arrest that occurred more than eight (8) years before the charged offense simply has no bearing on whether the defendant knowingly or intentionally possessed a firearm at the time of the charged offense. Cf. *United States v. Moorehead*, 57 F.3d 875, 878 (9th Cir. 1995) (no abuse of discretion to admit under 404(b) testimony of defendant's roommates that they saw him with gun for several weeks before offense; testimony was direct evidence of defendant's knowledge of gun). Evidence of Mr. McIntosh's prior arrest and conviction is thus inadmissible because it is too remote in time.

Finally, the evidence should be excluded because it is extremely prejudicial. In *Old Chief*, the Supreme Court recognized the substantial prejudice that arises when the government seeks to introduce evidence of similar prior bad acts, especially those involving guns, in a § 922(g)(1) case.

Where a prior conviction was for a gun crime or one similar to other charges in a pending case the risk of unfair prejudice would be especially obvious, and *Old Chief* sensibly worried that the prejudicial effect of his prior assault conviction, significant enough with respect to the current gun charges alone, would take on added weight from the related charge against him.  *Old Chief*, 117 S. Ct. at 652. Admission here of Mr. McIntosh's prior arrest for felon in possession of a firearm poses just such a grave and obvious risk of prejudice.

With all the arrests, and especially with the cumulative effect of all the arrests, there is a grave risk that the jury would misuse the evidence to find Mr. McIntosh guilty for either or both of two improper reasons. Specifically, the jury could convict him based on a negative emotional reaction to the prior bad acts or to punish him for the prior bad acts for which he has not

otherwise been punished. See id. at 650 (unfair prejudice means an undue tendency to suggest

decision on an emotional basis or for crimes other than those charged).

Moreover, admission of the any arrest evidence alone, without a conviction, creates an

additional serious risk that the jury will use the evidence for an improper character or propensity

purpose. Under Rule 404(b), the government may not use a defendant's alleged prior bad acts "to

establish a certain character type in order then to prove that the defendant committed the act in

question." *United States v. Rodriguez*, 45 F.3d 302, 307 (9th Cir. 1995).

Thus, the Ninth Circuit has held that a state court erred by admitting "other act" evidence

of the defendant's knife collection in a murder-by-knife case. *McKinney v. Rees*, 993 F.2d 1378,

1381-83 (9th Cir.), cert. denied, 510 U.S. 1020 (1993). The inference that because the defendant

owned a knife prior to the offense he must have owned a knife at the time of the offense is

"impermissible propensity inference based on other acts offered to prove character." Id.

Similarly, the government here may not use evidence that Mr. McIntosh used a gun in the past to

argue that he must have known that he had a gun at the time of the offense. Nor may it use

evidence of the fact, number or nature of Mr. McIntosh's prior arrests to argue that his general

propensity for lawlessness suggests that he committed the instant offense.

Finally, admission of the prior arrests and convictions should be excluded on the grounds

that it will confuse the jury and cause undue delay. Fed. R. Evid. 403. Proving the underlying

acts, which occurred one to five years ago, necessarily will take substantial time. The more time

it takes, the more distracted the jury will be from the charged offense and the sole issue before it:

Whether Mr. McIntosh possessed the firearm. For these reasons as well, the evidence should be

excluded under Rule 403.

In sum, the prior-arrest evidence is not admissible under the Ninth Circuit's four-part test.

It is not probative but is extremely prejudicial. For these reasons, evidence of Mr. McIntosh's

prior arrests should be excluded under Federal Rules of Evidence 404(b) and 403.

3. Evidence of Mr. McIntosh's status on probation should be excluded

*Z:\McIntosh\Motion in Limine*

There is evidence that Mr. McIntosh was on probation at the time of the arrest.  Because this status is irrelevant to the charged offense, suggestive of a prior bad act and highly prejudicial, it should be excluded. Any other reference to Mr. McIntosh's probation status likewise should be excluded.

First, the evidence is irrelevant. Evidence is relevant only if it has "any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed. R. Evid. 401. Evidence that is not relevant is not admissible. Fed. R. Evid. 402. In this case, Mr. McIntosh's probation status simply does not make more or less probable any fact of consequence. Cf. *Old Chief,* 117 S. Ct. at 649 (defendant's prior conviction was relevant to prior-conviction element of § 922(g)(1)).

Second, the evidence suggests a prior conviction, or at least a prior bad act.  For all the reasons discussed above, prior-conviction and prior-bad-act evidence should not be admitted in the government's case-in-chief or for impeachment. Under Federal Rules of Evidence 404(b), 609 and 403, the Court should exclude evidence about Mr. McIntosh's probation status.

Finally, the prejudicial effect of the probation-status evidence substantially outweighs any probative value it may have. To the extent Mr. McIntosh's probation status is probative of any issue in this case, it would be probative of the prior-conviction element of the offense. Mr. McIntosh has stipulated to this element of the offense. Thus here, as in *Old Chief*, the Court must conclude that the risk of unfair prejudice from the evidence offered to prove the prior-conviction element substantially outweighs the discounted probative value of such evidence. Id. at 655; see also *United States v. Palmer*, 37 F.3d 1080, 1085 (5th Cir. 1994) (in § 922(g)(1) case where defendant stipulated to prior-conviction element, admission of parole certificate was clear error because it improperly focused jury's attention on issues not probative of elements of offense), cert. denied, 115 S. Ct. 1804 (1995);cf. *United States v. Pace*, 10 F.3d 1106, 1116 (5th Cir. 1993) (citing cases where district court erroneously admitted evidence from which jury could infer that defendant is on probation), cert. denied, 511 U.S. 1149 (1994).

*Z:\McIntosh\Motion in Limine*

For these reasons, the Court should exclude evidence of Mr. McIntosh's probation status.

4. Evidence of the other items that are potentially incriminating but are completely prejudicial should be excluded

Much of the evidence included by the government in its Exhibit List is not only irrelevant, and therefore inadmissable, but if offered tends to violate the Federal Rules of Evidence as more prejudicial than probative.  This case is not about the generally criminal nature ir bad character of Mr. McIntosh, but rather revolves around a single issue (since the issue of his previous conviction in a matter with the potential punishment in excess of one year's incarceration), and that issue is whether or not Mr. McIntosh knowingly possessed a firearm on the day in question.

Physical items enumerated in Numbers 3 through 21 do not make it more or less probable that Defendant McIntosh  possessed a firearm on the day he was arrested.

To the extent that any of this evidence is relevant at all, it nonetheless should be excluded under Rule 403 because it is substantially more prejudicial than probative.

The inflammatory combination of a loaded gun and "mirror" or "mugshot profile" or a "white plastic pen body" or court documents of any kind or the red clothing enumerated or the photographs and documents relating to the prior 2002 offense, or the photographs of Mr. McIntosh's tattoos or any police reports, mail to or from inmates, histories recorded, documents written, arrest or other police reports, firearm evidence from 2007, property receipts, a pit bull dog, are likely to distract the jurors from the charged offense of a felon possessing firearm.

Even without the evidence of Mr. McIntosh's prior offenses, jurors are too likely to link the red clothing with gang activity, a prior gun with this one, mirrors and pens with drug use or dealings, photographs and reports to apparent police contact, tattoos to criminal street gang affiliation, etc. and conclude that Mr. McIntosh is an armed drug dealer or gang member. See, e.g., *United States v. Crespo de Llano*, 838 F.2d 1006, 1018 (9th Cir. 1987) ($6,000 in cash is

Case5:08-cr-00377-RMW   Document29   Filed01/04/09   Page17 of 18

probative of drug trafficking); *United States v. $149,442.43 in U.S. Currency*, 965 F.2d 868, 876

(10th Cir. 1992) (large amount of cash is "tool of the [drug] trade"). If the Court admits evidence

about the prior offenses, the likelihood of prejudice will be overwhelming.

Prejudice from the red/gang/multiple priors/bad person-gun-drug connection may come in

three forms. First, admission of the physical evidence is likely to confuse the jury by shifting its

focus from the charged offense of possession of firearm to irrelevant issues of the reason for or

possible criminal use of the objects.  See Fed. R. Evid. 403 (evidence may be excluded because

of danger of confusion of issue or misleading jury). Second, the evidence, in the context of this

case, is likely to lead the jury to make impermissible inferences about Mr. McIntosh's character

that very well may lead it to convict him based on its perception of his propensity for criminal

conduct. Such inferences are prohibited under Federal Rule of Evidence 404(b). Third, the

evidence is likely to lead the jury to find Mr. McIntosh guilty based on either its emotional

reaction to the combination of the physical evidence, the character or testimonial evidence, drugs

and guns or its desire to punish Mr. McIntosh for inferred criminal conduct that he is not charged

with committing. See *Old Chief*, 117 S. Ct. at 650 (undue prejudice means tendency to suggest

decision based on emotion or desire to punish for uncharged conduct). As discussed throughout

this motion, prejudice is any of these forms, alone or in combination, warrants exclusion of the

evidence.

Because of the minimal or non-existence relevance and probative value and the great

likelihood of prejudice, the evidence of the objects listed above should be excluded under

Federal Rules of Evidence 403 and 404(b).

Further, the evidence alluded to in Items 1 and 2, 5 through 7, 13 and 14, 19 and 20, and

22 through 24 should be excluded as merely efforts to prove the bad character of Mr.  McIntosh

and are wholly without merit as to the proof of this case.

**WHEREFORE**, based upon the foregoing, defendant Tommy McIntosh, Jr., respectfully

moves this Honorable Court to enter an order excluding the evidence set out in the list above, and

*Z:\McIntosh\Motion in Limine*

further to instruct the AUSA to instruct his witnesses, both lay and professional, not to allude to
or directly mention any of the items excluded, and further, that in the event some of the items are
allowed, that counsel for Defendant have an opportunity to be heard at the time of the offer,
outside the presence of the jury.  Mr. McIntosh further respectfully requests that an appropriate
limiting instruction be given to the jury in the event that offer of the evidence is allowed.

Mr. McIntosh respectfully asks the Court to further grant his motion in limine and: (1)
strike the references to "felon" and "felony" from the indictment; (2) exclude evidence of Mr.
McIntosh's prior convictions and arrests; (3) exclude any statement regarding his status on
probation; and (4) exclude evidence of Mr. McIntosh's general criminal nature represented by the
various indications of his prior convictions and "bad acts" not charged.

Dated: January 4, 2009

Respectfully submitted,
MARY E. CONN & ASSOCIATES


/s/


Mary Elizabeth Conn
55 River Street, Suite 100
Santa Cruz, CA   95060
(831) 471-7103
Attorney for Defendant Tommy McIntosh

*Z:\McIntosh\Motion in Limine*