Mary Elizabeth Conn SBN 224597
MARY E. CONN AND ASSOCIATES
25 River Street, Ste. 100
Santa Cruz, CA 95060
Telephone (831) 471-7103
Attorney for Defendant Tommy McIntosh

# UNITED STATES DISTRICT COURT FOR THE

## NORTHERN DISTRICT OF CALIFORNIA

## SAN JOSE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>vs.<br><br>THOMAS McINTOSH, JR.,<br><br>    Defendant. | NO. CR08-00377-RMW<br><br>**DEFENDANT'S CHALLENGE OF SEARCH WARRANT AND MOTION FOR LATE DISCOVERY**<br><br>Hearing:  January 8, 2009<br>Time:      2:00 p.m.<br>Court: Hon.  Ronald M. Whyte |

    Mr. McIntosh stands charged with, as a felon, unlawfully possessing a firearm. The firearm was recovered pursuant to a search warrant signed by the Honorable Steven Sand, Judge of the Superior Court of San Benito County and executed February 1, 2008. The subject warrant sought drugs and alleged evidence of drug dealing. No drugs nor indicia of sales were found although the property and all outbuildings were thoroughly searched by a team of narcotics "experts." The affidavit in support of probable cause was executed by Robert Padilla, a California Highway Patrol <u>Auto Theft</u> Investigator assigned to Coastal Division Investigative Service Unit. Officer Padilla requested and Judge Sand ordered that portions of the affidavit (pages 4-8) be sealed pursuant to California Evidence Code Section 1040 and *People v. Hobbs*, 7 Cal.4th 948 (1994) in order to protect the identity of the informant.

1. AUSA Glang recently indicated he would provide the Court with the entire search warrant affidavit including the portion that has been sealed from defense counsel so that the Court may review it *in camera* to determine whether the heretofore sealed portions should be unsealed and provided to the defense.

2. The defense has reason to believe that the informant in this case also acted as an informant in a 2004 incident where Mr. McIntosh was handcuffed at a residence and later released and uncharged. The language contained in the search warrant affidavit that is unsealed appears to be the same exact language used in the 2004 search warrant. Accordingly, the defense has concerns that the informant's information was stale. If our concerns are well-founded, there would be a viable suppression motion which would obviate the need for trial.

3. The defense has an additional concern regarding the issuance of the search warrant in this case. CHP Padilla, the affiant of the search warrant, was working out of Santa Cruz County at the time he executed his affidavit in support of the search warrant. However, California Penal Code Section 1528(a) requires that a magistrate "issue a search warrant. . .to a peace officer in his or her county. . . ."

4. Further, there is specified in the warrant "surveillance" that allegedly further supports the warrant. No tapes have yet been provided to the defense.

**CONCLUSION**

The defense requests that the sealed portion of the February 1, 2008 search warrant be reviewed by this Court and counsel advised of the Court's determination of the discoverability of the contents of the sealed portions.

Additionally, the defense requests that in the event the material reviewed is disclosed to the defense, that the defense be given an opportunity to challenge the search.

Dated: January 5, 2009

Respectfully submitted,
MARY E. CONN & ASSOCIATES

/s/

_____
Mary Elizabeth Conn
Attorney for Defendant Tommy McIntosh