UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br>v.<br>TOMMY MCINTOSH,<br>Defendant. | Case No. 08-cr-00377-JST-1<br>Case No. 17-cr-00152-LHK-1<br><br>**ORDER OF DETENTION PENDING REVOCATION HEARING** |

In accordance with the Bail Reform Act, 18 U.S.C. §§ 3142, 3143(a), and Federal Rule of Criminal Procedure 32.1, the United States moves for detention of defendant Tommy McIntosh, Jr., pending a hearing before the district judge regarding revocation of his supervised release. The Probation Office also recommends detention. The Court held a detention hearing on July 26, 2024. Dkt. No. 31.[1] Mr. McIntosh was represented by counsel during the hearing. He has waived his right to a preliminary hearing on the petition charging violations of his supervised release conditions. *Id.*

Having considered the factors set forth in 18 U.S.C. § 3142(g), the matters in the petition, and the proffers of counsel for Mr. McIntosh and for the United States, the Court concludes that Mr. McIntosh has not met his burden to show by clear and convincing evidence that he does not pose a danger to others and the community if released. Fed. R. Crim. P. 32.1(a)(6).

According to the Petition for Warrant for Person Under Supervision, filed July 12, 2024, Mr. McIntosh was charged with violating California Vehicle Code §§ 23152(a) and 23152(b) for driving under the influence with alcohol after the vehicle he was driving was stopped by a Gilroy

---

[1] Unless otherwise noted, all citations in this order are to the docket of Case No. 17-cr-00152.

1    police officer on July 6, 2024. Dkt. No. 28 at 3-4. The petition further alleges that a search of Mr.

2    McIntosh's vehicle conducted at the time of the stop revealed an unloaded handgun, an unloaded

3    15-round capacity magazine, and 11 9mm rounds of ammunition in the trunk of the vehicle. *Id.* at

4    3. Mr. McIntosh was also charged with violating California Penal Code §§ 29800(a)(1) and

5    30305(a)(1) for being a felon in possession of a firearm and ammunition. *Id.*

6          At the detention hearing on July 26, 2024, the United States advised the Court that Mr.

7    McIntosh has an extensive criminal history that includes acts of violence; however, that criminal

8    history was not presented to the Court during the detention hearing. The record in these cases

9    does reflect that Mr. McIntosh suffered felony convictions for violations of 18 U.S.C. § 922(g)(1)

10   (felon in possession of a firearm and ammunition) and 18 U.S.C. §§ 751(a) and 4082(a) (escape

11   from custody). Dkt. No. 19; Case No. 8-cr-00377, Dkt. No. 56. The record also reflects that on

12   several prior occasions, beginning in May 2022 and extending through September 2023, Mr.

13   McIntosh tested positive for use of controlled substances while under supervision, contrary to the

14   conditions of his supervised release. *See* Dkt. No. 28 at 2, 4.

15         Mr. McIntosh argues that he is not a danger or a flight risk. He advises the Court that he

16   has employment and a stable place to live if he is released from custody, and that conditions could

17   be fashioned to reasonably assure his appearance as required. In addition, at the detention hearing,

18   Mr. McIntosh advised the Court that he was released by a state court after posting bail in

19   connection with the charges associated with the events on July 6, 2024, suggesting that he does

20   not in fact pose a danger to others or the community at this time.

21         While the Court expects that conditions could be fashioned to reasonably assure Mr.

22   McIntosh's appearance as required, the Court finds that Mr. McIntosh has failed to show by clear

23   and convincing evidence that conditions may be set to reasonably assure that he does not pose a

24   danger to others and the community. Mr. McIntosh's alleged intoxication while driving on July 6,

25   2024, and while transporting a weapon and ammunition in the trunk of his vehicle, is the kind of

26   conduct that poses a serious risk of danger to others and the community. Mr. McIntosh's existing

27   conditions of supervision already include prohibitions on the possession of firearms and

28   ammunition, and on the use of controlled substances and alcohol. In these circumstances, Mr.

2

McIntosh has not shown by clear and convincing evidence that different or additional conditions of release will reasonably assure the safety of others.

Mr. McIntosh is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. Mr. McIntosh shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on the request of an attorney for the United States, the person in charge of the corrections facility shall deliver Mr. McIntosh to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

**IT IS SO ORDERED.**

Dated: July 26, 2024

Virginia K. DeMarchi
United States Magistrate Judge